**ASHLAND SCHOOL DISTRICT,**
Plaintiff–Appellant,

v.

**V.M., Defendant–Appellee.**

**Civil No. 07–3012–PA.**

United States District Court,
D. Oregon.

July 5, 2007.

Nancy J. Hungerford, Richard G. Cohn–Lee, The Hungerford Law Firm, LLP, Oregon City, OR, for Plaintiff–Appellant.

Mary E. Broadhurst, Mary E. Broadhurst, PC, Eugene, OR, for Defendant–Appellee.

**OPINION AND ORDER**

PANNER, District Judge.

Plaintiff Ashland School District brings this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i). Defendant is a teenager identified only as "V.M." On December 8, 2006, a state Administrative Law Judge ("ALJ") ruled that the School District had failed to comply with certain requirements of the IDEA and, consequently, failed to offer V.M. what the IDEA characterizes as a "Free Appropriate Public Education." The District appeals from that ruling.

Argument on the merits of the appeal is set for next month. Before the court today is V.M.'s motion for a form of interim relief commonly known as a "stay-put order." Both sides agree that, per 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518(a), the student is to remain in the "current placement" during the pendency of any administrative or judicial proceeding under the IDEA (unless the parties mutually agree to a different placement). Section 300.518 states:

(a) Except as provided in § 300.533, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under § 300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.

\*   \*   \*   \*   \*   \*

(d) If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section.

"This provision is, in effect, an automatic preliminary injunction." *Zvi D. v. Ambach,* 694 F.2d 904, 906 (2d Cir.1982).

The parties agree that if the stay-put provision applies, and the "current placement" is a facility other than the Ashland School District, then the District is obligated to pay the costs for that placement until the pending administrative or judicial proceeding is complete. The case law supports that view. *See Board of Educ. of the Pawling Central School Dist. v. Schutz,* 290 F.3d 476, 485 (2d Cir.2002); *Clovis Unified School Dist. v. Office of Admin. Hearings,* 903 F.2d 635, 641 (9th Cir.1990).

The ALJ concluded V.M.'s parents were legally justified in removing V.M. from the Ashland School District because the District's services to V.M. did not meet certain requirements of the IDEA. The ALJ further determined that the District must reimburse V.M.'s parents for some of the expenses the parents incurred when they placed V.M. at a private facility.

The District argues the ALJ's order was not a determination formally changing V.M.'s "current placement" for purposes of the stay-put provisions in 34 C.F.R. § 300.518. I disagree.

The ALJ expressly determined the services provided by the District had not been adequate. On page 32 of his order, the ALJ found placement at a specific private facility was appropriate.

> The test for looking at the appropriateness of a private placement ... is not measured against what a public school or district is required to provide under the IDEA, but rather whether it is an appropriate placement. I conclude the [private] placement was.

The ALJ phrased this finding in the past tense, saying the placement "was" appropriate. That phrasing is understandable, since the specific issue before the ALJ was a claim for reimbursement of the expenses already incurred. The ALJ properly did not foreclose the possibility that future events might justify a different placement. Still, the ALJ's decision plainly "agrees with the child's parents that a change of placement is appropriate." 34 C.F.R. § 300.518(d). *Cf. Schutz*, 290 F.3d at 484–85; *Murphy v. Arlington Central School Dist. Bd. of Educ.*, 86 F.Supp.2d 354, 360 (S.D.N.Y.2000) (which Plaintiff cited at oral argument, but actually supports Defendant's position). The ALJ's decision also constitutes the most recent finding by an ALJ or court regarding the proper placement for V.M.

The ALJ further ordered that the parents be reimbursed for the cost of V.M.'s placement at the private facility during the months immediately preceding the ALJ's ruling. That, too, supports an inference that the ALJ's order effected a change of placement. *See Schutz*, 290 F.3d at 483–85. The language on page 33 of the ALJ's opinion—rejecting the District's contention that "its obligation to reimburse parents for V.M.'s private placement was cut off ...." —also supports parents' position. If the District's obligation to reimburse parents persisted, then the private placement obviously had not terminated.

■ The District next argues that the stay-put provisions are inapplicable because no proceedings were pending once the ALJ issued his ruling on December 8, 2006. The District might have a colorable argument had the District accepted the ALJ's ruling, and matters proceeded from there. Instead, the District appealed that ruling to this court. The appeal is a continuation of the earlier proceeding. 34 C.F.R. § 300.518(a) applies "during the pendency of any administrative *or judicial proceeding* regarding a due process complaint notice requesting a due process hearing under § 300.507." (emphasis added).

■ Finally, the District argues that its offer of a new Individualized Education Program for V.M. somehow altered the "current placement." That is not the law. "Such an interpretation would undermine entirely the pendency placement provisions of the IDEA, allowing a school district to avoid altogether § 1415(j) by the mere proposal of a new IEP." *Schutz*, 290 F.3d at 483.

The stay-put provisions strive to ensure the child is not treated as a ping-pong ball, ricocheting between placements with each new ruling in the dispute between parents and school. Unlike the usual standards for awarding interim relief, the court does not even inquire whether the moving party is likely to prevail in this action.

Regardless of whether this court ultimately affirms the ALJ's decision or overturns it, during the pendency of this action the School District must pay for V.M.'s placement at the facility described on page 32 of the ALJ's decision of December 8, 2006, unless parents and the District mu-

tually agree on a different placement or a different placement is established through another appropriate process.[1]

### Conclusion

Defendant's motion (# 13) for a stay-put order is granted. This order encompasses the period from December 8, 2006, through the conclusion of this litigation.

IT IS SO ORDERED.

---

1. The court's ruling is limited to establishing financial responsibility for V.M.'s schooling pending completion of this litigation, or when V.M. ceases to be eligible for services from the District by reason of age or other lawful criteria, if prior to completion of this litigation. The ruling does not preclude a family court, or other appropriate entity, from exercising any otherwise proper jurisdiction. The court expresses no opinion at this time regarding the proper placement for V.M., the adequacy of the services offered to V.M. by the District, or whether V.M.'s problems result from a "disability" for purposes of the IDEA. Those matters remain to be litigated.